MRS. C. E. TUITE, Appellant, v. SUPREME FOREST WOODMEN CIRCLE, Respondent.

Kansas City Court of Appeals, June 12, 1916.

1. FRATERNAL BENEFICIARY ASSOCIATIONS: Jurisdiction: Ultra Vires. As to the defense of *ultra vires* there can be no waiver or estoppel since defendant's officers even if they had afterwards been informed of the falsity of the representations, could not have bound the society by waiver or estoppel to a contract which its charter from the State could not authorize.

2. ———: **Beneficiaries: Adopted Children.** A foreign fraternal society which authorized the inclusion of "adopted children . . . or other relatives" among the classes eligible to designation as beneficiaries in death benefit certificates, will be accorded the benefits of the laws in this State relating to fraternal beneficiary societies, because an adopted child of a member, may in this State, be designated as a beneficiary, such child being the heir of the member and "other relatives" is identical with "blood relatives."

3. **EVIDENCE: Hearsay: Pedigree.** When proof of age is not offered for any purpose in connection with the subject of the man's pedigree or age, declarations of the party who is dead respecting his age when he enlisted in the army are the purest hearsay and should be excluded under the general hearsay rule.

4. ———: ———: ———. Where the age of a party is in issue, the court may admit an expression of opinion by a witness as to his age, based on the appearance of the party at the time, accompanied with a description of the appearance from which such opinion was formed.

Appeal from Jackson Circuit Court.—*Hon. Frank G. Johnson*, Judge.

AFFIRMED.

*Noyes & Heath* for appellant.

*Harding, Murphy & Harris* for respondent.

JOHNSON, J.—This is an action on a death benefit certificate for $1100 issued April 30, 1900, by defendant, a fraternal beneficiary society incorporated in Nebraska, to Michael T. Tuite, a resident of Missouri. Plaintiff, the wife of Tuite, was designated in the certificate as the beneficiary. Tuite was a member of a local lodge of the order in Kansas City and paid all dues until his death which occurred at the Soldiers' Home in Leavenworth, Kansas, on August 6, 1913.

The answer alleges and the proof shows that when Tuite joined the order and applied for the certificate, and at all times thereafter, defendant was a

fraternal beneficiary society incorporated in Nebraska and regularly licensed to do business as such in this State. Plaintiff argues that the contract in question does not fall within the purview of the laws of this State relating to fraternal beneficiary societies for the reason that the laws of Nebraska and the charter of defendant authorized the inclusion of "adopted children . . . or other relatives" among the classes eligible to designation as beneficiaries in death benefit certificates. The statutes of this State provide that "payments of death benefits shall be to the families, heirs, blood relatives, affianced husband or affianced wife of, or to persons dependent upon the member." [Sec. 7190, R. S. 1909.]

Plaintiff invokes the rule we recognized in Dennis v. Modern Brotherhood, 119 Mo. App. 210, that a foreign association would not be accorded the benefits of the laws of this State relating to fraternal beneficiary societies where there was a substantial difference between the classes of beneficiaries such association was authorized by its charter to recognize as eligible and the classes mentioned in our own statutes. But that rule will not aid plaintiff. A fraternal society incorporated in this State may designate an adopted child of the member as the beneficiary in a death benefit certificate since such child being an heir of the member (Art. 1, Ch. 20, R. S. 1909), belongs to a class specifically mentioned in the statute. And we find the class "other relatives" appears by its context to refer to blood relatives and, therefore, is identical with a class mentioned in our statute. We hold the proof of defendant sufficient to warrant us in treating the contract and the rights of the parties thereunder as being governed by the laws and rules relating to fraternal beneficiary insurance.

The principal defense is that the certificate is void because its execution by defendant was *ultra vires* the power conferred upon defendant by its charter from

the State of Nebraska. The laws of that State forbid the issuance of a death benefit certificate to any person over fifty-five years of age and defendant's charter fixed the maximum age at fifty-two years. In his application dated April 18, 1900, Tuite declared he was "fifty years of age at my nearest birthday" and "was born on the 29th day of September, 1850, in Ireland."

An investigation made after his death convinced defendant that he had intentionally misrepresented his age which, at the time of his application, was sixty or sixty-one years, instead of fifty, but, as stated, the defense is that the certificate is *ultra vires* and void and not that it was merely voidable on the ground of false and fraudulent representations respecting the age of the insured. As to such defense there could be no waiver or estoppel since defendant's officers, even if they had afterward been informed of the falsity of the representation, could not have bound the society by waiver or estoppel to a contract which its charter from the State would not authorize. [Edmonds v. Modern Woodmen, 125 Mo. App. 214; Steel v. Fraternal Tribunes, 215 Ill. 190; State v. Bankers Union, 71, Nebr. 622; Gray v. Benefit Ass'n, 111 Ind. l. c. 534.]

If Tuite was older than fifty-two years at the time he applied for the certificate and membership, plaintiff has no cause of action on the certificate which would be void, and the only remedy she could enforce against defendant would be to recover back the money Tuite had paid defendant for insurance.

The answer alleged the total amount so paid was $270.30, which, with interest, defendant offered to refund and has paid into court. At the trial the parties introduced evidence on the issue of Tuite's age when he made the application and the jury were instructed in substance that plaintiff would be entitled to recover if he "was under the age of fifty-two at the time

he made application and became a member of the defendant association," and could not recover if his age was over fifty-two at that time. The jury decided this issue in favor of plaintiff but the court, on hearing the motion for a new trial set the verdict aside for the reason, stated in the order, "that the court erred in admitting in evidence over the objection of the defendant, self-serving declarations of Michael Tuite, the insured, in the contract sued on."

Plaintiff appealed from the order and judgment granting a new trial.

Defendant introduced in evidence the laws of Nebraska and its own charter and by-laws which show that defendant was not authorized to issue a death benefit certificate to any person over fifty-two years of age and also introduced both documentary and oral evidence which tended to show that Tuite was over sixty years old when he made the application. The muster roll of Company "I" 169th New York Volunteers showed his enlistment as a private on September 9, 1862, and that he was twenty-three years old. Plaintiff admitted that a witness named in an application for a continuance would identify a record book kept at a parish church in Ireland and that the book would show that Tuite was born September 29, 1836. A number of sworn statements made by Tuite at different times to secure a pension, and an increase thereof, refer to the date of his birth as September 29, 1836.

There was more evidence of the same kind introduced by defendant and on the other hand there is evidence offered by plaintiff tending to prove that Tuite's age was not misstated in the application. Plaintiff and two other witnesses were permitted, over the objection of defendant, to testify that Tuite had told them that he was only fourteen or fifteen years old when he enlisted in 1862, and had made oral declarations about his age which, if true, would corroborate

his representation in the application. And further, plaintiff was allowed to show by several prominent citizens of Kansas City who had known Tuite that judging from his appearance his age was not over fifty years at the time of application.

The evidence introduced by defendant of declarations respecting his age made by Tuite which were against his interest were properly admitted, since the interest his beneficiary had in the contract before his death was only expectant and was not a vested interest. Where the contract is one of ordinary life insurance the beneficiary acquires a vested interest therein from the date of the contract and declarations of the insured impairing the validity of the insurance are not admissible in an action by the beneficiary to recover the insurance. [Callies v. Modern Woodmen, 98 Mo. App. l. c. 526; Reid v. Ins. Co., 58 Mo. 425.]

But evidence of such declarations is admissible in an action on a fraternal beneficiary certificate because of the lack of any vested interest in the beneficiary before the death of the insured. [Callies v. Modern Woodmen, supra; Masonic Assn. v. Bunch, 109 Mo. 560; Wells v. Mutual Benefit Assn., 126 Mo. 630; Supreme Knights v. O'Connell, 107 Ga. 97; Van Frank v. Benefit Assn., 158 Ill. 560, 41 N. E. 1005; Niblack on Benefit Soc., sec. 212-235.]

Evidence of declarations made by the insured in his own interest were self-serving and inadmissible unless plaintiff is right in her contention that they related to a question of pedigree involved in this action. An important exception to the general hearsay rule is that hearsay testimony is competent in cases of pedigree and "the term 'pedigree' embraces not only descent and relationship but also the facts of birth, marriage and death and the times when these events happened." [Topper v. Perry, 197 Mo. l. c. 542, and authorities cited.] But a question of age is not necessarily one of pedigree and "such declarations

are deemed to be relevant only in cases in which the pedigree to which they relate is in issue and not in cases in which it is only relevant to the issue.'' [Bowen v. Accident Co., 74 N. Y. Supp. 1. c. 102; Eisenlord v. Clum, 126 N. Y. 552; Ins. Co. v. Schwenck, 94 U. S. 593; Haynes v. Guthrie, 13 Q B. Div., 818; State v. Marshall, 137 Mo. 463.]

As is pertinently observed in Eisenlord v. Clum, supra: ''As to what is a case of pedigree, an examination of the question shows that a case is not necessarily one of that kind because it may involve questions of birth, parentage, age or relationship. Where these questions are merely incidental and the judgment will simply establish a debt, or a person's liability on a contract, or his proper settlement as a pauper and things of that nature, the case is not one of pedigree, although questions of marriage, legitimacy, death or birth are incidentally inquired of. [Whittuck v. Waters, 4 C. & P. 375.]''

In the present case the question of pedigree was impertinent to any issue since the action is merely one for the collection of a death benefit. Proof of age was not offered for any purpose connected with a subject of pedigree and evidence of self-serving declarations made by Tuite respecting his age when he enlisted were the purest hearsay and should have been excluded under the general hearsay rule.

The opinions expressed by witnesses for plaintiff respecting the age of Tuite which were based entirely on his appearance should not have been admitted over the objection of defendant since they were not accompanied by an evidentiary description of the appearance from which the opinion was formed. The pertinent rule announced by our Supreme Court is that ''where the age of a party is in issue, the court may admit an expression of opinion by a witness as to that age, based on the appearance of the party

at the time, accompanied with a description of the appearance from which such opinion was formed." [Elsner v. Supreme Lodge, 98 Mo. l. c. 645.] As is well said in Hartshorn v. Met. Life Ins. Co., 67 N. Y. Supp. 14, "to entitle such evidence to any weight, the facts and circumstances upon which the opinion is based should be given, and the witness should first describe, as far as practicable, the appearance of the individual whose age is in question." [See, also, Life Assn. v. Teewalt, 79 Va. 421; State v. Grubb, 55 Kan. l. c. 679.]

The reason of the rule is obvious. Some people naturally grow old in appearance faster than others. Conditions of health, modes of living, dress, associations, care or freedom from care, are important factors which hasten or retard the appearance of Time's ravages. That species of vanity which prompts a person, after reaching middle age, to seem younger than he is, is common and leads to deceptive practices and devices which sometimes are successful. The average person is not an accurate judge of ages from appearances, especially of those of persons not in his own period of life. To the eye of sixteen, or of thirty, for that matter, there is little, if any noticeable difference between fifty and sixty. Opinions of age deduced from appearances are the least reliable of all opinion evidence, and as is said in the Hartshorn case, are worthless as evidence if unaccompanied by the descriptive facts and circumstances from which the opinion is drawn.

The court did not err in granting a new trial on the reason assigned in the order.

The point urged by plaintiff that the tender by defendant of the money paid into the order by Tuite was insufficient in amount, if well taken, could not create a liability on the certificate by waiver or estoppel, since the defense of *ultra vires,* as we have said, cannot be waived. If defendant had no power to en-

ter into the contract it has no power to bind itself to become liable under such void contract. Defendant is liable, if its defense is well grounded, as for money had and received, and must restore all that it has received from Tuite with interest, but is not bound in this action on the certificate to make a sufficient, or, indeed, any tender on pain of waiving its right to defend on the ground of *ultra vires.*

The judgment is affirmed. All concur.