**Ella D. KENDALL, Appellant,**

v.

**PRUDENTIAL INSURANCE COMPANY OF AMERICA, a Corporation, Respondent.**

No. 47384.

Supreme Court of Missouri, En Banc.

July 13, 1959.

Rehearing Denied Sept. 14, 1959.

Melvin J. Duvall, St. Joseph, Whitney W. Potter, St. Joseph, for appellant.

Henry G. Eager, Kansas City, John C. Landis, III, St. Joseph, Ralph E. Fain, Houston, Tex., Blackmar, Swanson, Midgley, Jones & Eager, Kansas City, Landis & Landis, St. Joseph, of counsel, for respondent.

Howard B. Lang, Jr., David C. Harrison, Columbia, for M.F.A. Mut. Ins. Co.

HYDE, Judge.

Action for $2,000 on the double indemnity provision of a group insurance policy, insuring plaintiff's deceased husband as an employee of Imperial Refineries Corporation. Verdict and judgment was for defendant and plaintiff appealed to the Kansas City Court of Appeals which reversed and remanded this cause. Kendall v. Prudential Life Insurance Company of America, Mo., 319 S.W.2d 1. On application of defendant we transferred the cause.

The question presented here is whether the judgment should be reversed because of the trial court's failure to sustain plaintiff's challenges for cause of four veniremen who said, on voir dire examination, they were policyholders with defendant.

■ Although Judge William H. Kimberlin presided at the trial, the voir dire examination was before Judge Duval Smith, by consent, so that Judge Kimberlin could complete another trial. The challenges (and discussion concerning them) were as follows:

"Mr. Potter: Your Honor, we feel we should challenge for cause the five (5) jurors who have stated that they are policy holders in the Prudential Insurance Company, except as to Mr. Hartman who is paying on a policy for his mother, we will withhold our challenge on his part until the qualification of that juror.

"Mr. Eager: To which challenge the defendant strongly objects, it being an insufficient showing as to the circumstances, and that insignificant circumstances or connection with the company would not in any wise effect their decision in this case. It is an entirely different and unrelated matter. Further, in my concededly rather limited experience, it has never been grounds for people who hold policies in this company. This is the largest insurance company in the country. (Corrected in the brief as being the second largest life insurance company.) It is an important question whether these people have a double indemnity clause, whether they pay premiums, and whether they have received dividends on their policies. Some policies don't have dividends. There is no adequate showing in the record and we believe this challenge should not be sustained for cause.

"The Court: Wouldn't it be a good deal like a bank being sued and a depositor would come up?

"Mr. Potter: We feel they are policy holders in the same company as the defendant and they are in a sense interested from being policy holders and therefore interested in the company, as a stockholder in a company would have an interest. We feel they should be challenged for cause.

"Mr. Eager: This in no way, shape or form effects the benefits or the proceeds on their policies. If one of these men says for instance on proper questioning, it would reflect in his case, that is an entirely different proposition.

"The Court: At this point challenge for cause as to the four (4) named is overruled. * * *"

Mr. Eager then asked the following questions: "Mr. Potter has inquired as to those of you who are policy holders. The Prudential is a mutual company owned by policy holders. Mr. Filbert, Mr. Rorey, Mr. Haines and Mr. Fugate, would the fact that you own a policy with the Prudential, would that fact in any way reflect itself in your decision in this case in the event you were ultimately selected to sit as a juror in the trial of this case? You would decide it only on the evidence you hear in the courtroom and the law Judge Kimberlin will give you in this case? Would the fact you have a policy with the Prudential

in any way reflect itself in your decision if you are a juror? Do you think it would tend to have you favor the defendant for that reason alone?"

These named veniremen indicated negative answers to all of these questions. Thereafter, the eighteen members of the panel were individually interrogated by the lawyers for both parties but there were no other questions to those who were policyholders concerning their policies or the effect thereof upon their qualifications or as to kind of policies they had. However, it developed that Mr. Filbert had been an Agent for the Prudential in 1922 for about a year but had not remained in the insurance business since then. He said that experience would not in any way reflect on his decision in this case and no other challenge was made by plaintiff after receiving this information.

Later in the trial one of the jurors became ill and had to be excused. The following statements were then made:

"The Court: * * * Mr. Henry Eager, attorney for the defendant, stated to the Court that he was willing to proceed with eleven jurors, and, Mr. Potter, are you willing to do the same?

"Mr. Potter: I certainly am. We will waive any objection to the matter whatsoever.

"The Court: Let the record show then that we are proceeding with eleven jurors by agreement of the parties."

The verdict was signed by nine jurors, including the four who said they were policyholders. Plaintiff relies on Edmonds v. Modern Woodmen of America, 125 Mo. App. 214, 102 S.W. 601, 602, in which the trial court sustained challenges for cause as to two veniremen, who held assessable policies in the society. This action was upheld by the Court of Appeals, saying: "They were members of the defendant society, and as such their assessments would be affected by the result. Interest in litiga-

tion though as remote as that of a taxpayer who would be compelled to contribute his mite to the payment of any judgment obtained against a county or municipality, was sufficient at common law, to disqualify a citizen thereof proposed as a juror. We now have a statute qualifying them, but there is no statute changing the rule as to members of an organization like defendant."

Both parties cite Barb v. Farmers Insurance Exchange, Mo.Sup., 281 S.W.2d 297, 301, in which the trial court likewise sustained challenges for cause as to four veniremen "on the theory that Exchange, a reciprocal insurance company, was a 'mutual' company, and that these veniremen were in fact subscribers and stockholders and, consequently, had pecuniary interests in the case." We said: "In the instant case, it was not made unequivocally manifest that Exchange is a mutual company, nor was it clear that the challenged veniremen had any interest in the case which would disqualify them as jurors as a matter of law. Now we do not say it would have been error to overrule plaintiff's challenge for cause. Nevertheless, the record shows the trial court was earnestly and successfully acting in its discretion in qualifying eighteen veniremen competent to act, if selected as jurors, in fairly and impartially trying the issues of the case. We hold the trial court did not err or abuse its discretion in sustaining plaintiff's challenge."

■ In Murphy v. Cole, 338 Mo. 13, 88 S.W.2d 1023, 1024, 103 A.L.R. 505, we held it was error to overrule a challenge for cause to a venireman who was the local agent for an insurance company interested in the case although he had not written the policy involved and had never heard of the case. In holding this was error, we said: "A juror in the employ of one of the parties to a cause might honestly believe he had no bias or prejudice one way or the other, yet it is a matter of common knowledge that the frailties of human nature would cause him, perhaps un-

consciously, to view the cause through the spectacles of his employer." We also pointed out that our statute enumerating certain grounds of disqualification is not all-inclusive and that it does not exclude other grounds of disqualification; and we said: "If for any reason, whether statutory or not, a prospective juror is not in a position to enter the jury box with an open mind, free from bias or prejudice in favor of or against either party to the cause, and decide the case upon the evidence adduced and the law as contained in the court's instructions, he is not a competent juror." Of course, it also is true that a venireman is not the judge of his own qualifications. Moore v. Middlewest Freightways, Inc., Mo.Sup., 266 S.W.2d 578, 586. Nevertheless, as also said in that case (266 S.W.2d loc. cit. 585), "The trial judge is and should be vested with broad discretion in determining the qualifications of veniremen to sit as jurors and his rulings should not be disturbed unless they are clearly and manifestly against the evidence." For the reasons hereinafter stated, we do not think the trial court's discretion should be disturbed in this case.

 "It is fundamental that jurors should be thoroughly impartial as between the parties. The right to unbiased and unprejudiced jurors is an inseparable and inalienable part of the right to a trial by jury guaranteed by the Constitution. A state of mind in a juror evincing bias to either party is a ground for challenge." 31 Am.Jur. 148, Sec. 171; see also 50 C.J.S. Juries § 125, p. 847. Such bias, of course, may be inferred from interest in the result of the case and that was the basis of the common law disqualification of taxpayers in suits against the municipality in which they resided; but there also is authority that such interest could be considered too minute or too remote to require disqualification. 31 Am.Jur. 164, Sec. 189; 50 C.J.S. Juries § 216, p. 951. Such bias, inferred from interest, is also the basis for disqualification of members of a mutual insurance company, liable to be assessed to pay losses incurred. 31 Am.Jur. 175, Sec. 207; 50 C.J.S. Juries § 214, p. 950. There is no showing or claim in this case that the challenged veniremen had assessable policies or that any policies of defendant were assessable. Thus we do not have here a situation like municipal taxpayers or assessable policyholders, considered in Edmonds v. Modern Woodmen of America, supra, because these veniremen could not be required to contribute any amount to the payment of a judgment for plaintiff. Furthermore, there was no showing as to what kind of policies these veniremen had, whether they were entitled to any dividends or even paid premiums. The policy sued on herein was a certificate based on a group policy of the deceased's employer; and the veniremen involved may have had similar policies as they were employees of other companies. We know from our records that similar insurance is widely used. The ruling of the court was: *"At this point* challenge for cause as to the four named is overruled." This left the matter open for further showing and consideration (see State v. Brown, 364 Mo. 759, 267 S.W.2d 682, 690, 691); but plaintiff made no further showing, requested no further consideration from either Judge Smith or Judge Kimberlin, used none of her peremptory challenges to remove any of these four veniremen, and instead of requesting a mistrial, when illness of a juror left only eleven jurors, agreed to complete the trial with these four remaining. The matter was never again mentioned until stated in plaintiff's motion for new trial.

While we agree that an employee or agent of a defendant (in accordance with the ruling in Murphy v. Cole, supra) is subject to challenge for cause, we also agree with the indication made in Barb v. Farmers Insurance Exchange, supra, that a challenge for cause is not required to be sustained as to every kind of policyholder under all circumstances. In view of modern widespread use of all kinds of insurance, such a rule would be unreasonable at least as to those with nonassessable policies or

those who do not participate in policy dividends. The view that holders of nonassessable policies are not disqualified as a matter of law was stated in Kanzenbach v. S. C. Johnson & Son, Inc., 273 Wis. 621, 79 N.W.2d 249. See also Mellinger v. Prudential Insurance Company of America, 322 Mich. 596, 34 N.W.2d 450. As noted in the latter case, a juror, holding a nonassessable policy, might well resent the refusal to pay what he considered a just claim because he might feel that if he had a just claim it would be treated likewise. This could be a reason for plaintiff's failure to use her peremptory challenges to remove any of these policyholders from the jury.

Defendant urges this failure to use her peremptory challenges as a waiver of plaintiff's challenges for cause and there is substantial authority for holding that a party cannot complain of a challenge for cause if it does not force him to exhaust his peremptory challenges, the Mellinger case (34 N.W.2d loc. cit. 455) being decided on that basis. In 50 C.J.S. Juries § 256, p. 1017, it is said: "By the weight of authority such an error (failure to sustain a challenge for cause) will not be regarded as material if the objecting party did not challenge the juror peremptorily and his peremptory challenges were not exhausted, or if the record fails affirmatively to show that such challenges were exhausted, it being held that a party must use all available means to exclude all objectionable jurors, and that a failure to do so constitutes a waiver of his objection." See also 5A C.J.S. Appeal and Error § 1708, p. 831; Frazier v. United States, 335 U.S. 497, 69 S.Ct. 201, 93 L.Ed. 187. In the Moore case, the defendant did use a peremptory challenge (266 S.W.2d loc. cit. 578) to remove the juror challenged for cause. See also Moss v. Mindlin's, Inc., Mo.Sup., 301 S.W.2d 761, 771; Grimm v. Gargis, Mo.Sup., 303 S.W.2d 43, 50. However, in 50 C.J.S. Juries § 256 p. 1017, it is also said:

"Where the number of jurors incompetent for the same reason exceeds the number of peremptory challenges and the court has overruled a challenge for cause to the first juror presented, it is not necessary to multiply exceptions on the same point, and the objection is not waived by failing to exhaust the remaining challenges." Since the number of policyholders challenged for cause herein exceeded the number of plaintiff's peremptory challenges, we will not rule the issue on the basis of waiver by failure to use peremptory challenges. However, our conclusion is that plaintiff failed to make a sufficient showing of interest for us to hold that the court erred in refusing to sustain the challenges for cause at the time they were made and that, so far as the record shows, any interest of any of the challenged veniremen may have been too minute and too remote to require the court to sustain a challenge for cause as to them.

The judgment is affirmed.

All concur except EAGER, J., not sitting.