**Clarence BUTLER, Jr. and Louise Butler, Respondents,**

v.

**Foster TALGE, Appellant.**

**No. KCD 26690.**

Missouri Court of Appeals, Kansas City District.

Dec. 2, 1974.

Glenn E. McCann, William J. Gotfredson, Knipmeyer, McCann, Fish & Smith, Kansas City, for appellant.

Arthur C. Popham, Jr., Popham, Popham, Conway, Sweeny & Fremont, Kansas City, for respondents.

Before DIXON, C. J., and SHANGLER and WASSERSTROM, JJ.

SHANGLER, Judge.

This appeal began as an action for damages in three counts by Clarence Butler for injury to his person, by his wife, Louise Butler, for the loss of services of her husband, as the result of a vehicular collision. A third count was dismissed before submission. The jury returned a nine-vote verdict in favor of defendant Talge on both counts. Thereafter, the trial court determined that it had exercised an erroneous discretion in the conduct of the voir dire and granted the motion of plaintiffs Butler for a new trial.

As a prelude to the open-court voir dire inquiry, counsel for defendant Talge made *in camera* disclosure that the Phoenix In-

surance Company was interested in the outcome of the action. The voir dire examination then proceeded, and after Talge was identified as the defendant in the cause, counsel for plaintiffs, Mr. A. C. Popham, Jr., inquired of the venire:

> Mr. Popham: Do any of you have any policies in or own stock or have any immediate family employed by the Phoenix Insurance Company?
>
> Unidentified Juror: Is that Phoenix Mutual? They, I believe they hold a group policy at my employment, at Western Electric.
>
> Mr. Popham: I don't know if that's the same company or not. We'll make some inquiries.
>
> Mr. Talge: *I'm sure it is, Mr. Popham.*[1]
>
> Mr. Popham: It is.
>
> Unidentified Juror: Excuse me.
>
> Mr. Popham: Yes, sir.
>
> Unidentified Juror: My company also holds a policy with them.
>
> Mr. Popham: With Phoenix—
>
> The Court: That's Mr. Teevan?
>
> Mr. Teevan: Yes, sir.
>
> Mr. Popham: May I have your name?
>
> Mr. Teevan: Teevan.
>
> Mr. Popham: Yes, sir. I don't have them all lined up here, yet.
>
> Do you feel that—
>
> The Court: Mr. Popham and—
>
> (WHEREUPON, the following proceedings were had in the presence BUT OUTSIDE THE HEARING OF THE PANEL.)
>
> The Court: I think—I don't think there should be any followup. Is it your company?

> Mr. McCann: No, it's Phoenix Insurance Company.
>
> It was brought out through no fault of Arthur's and I think this subject of insurance now has been brought to the forefront by your calling us to the Bench and immediately after that and talking about the subject of insurance and I—
>
> The Court: Well, I didn't want to, any further pursuing—
>
> Mr. McCann: I'm not going to make any point.
>
> The Court: Nothing further should be mentioned.
>
> Mr. Popham: All right.

At the conclusion of the voir dire inquiry, this colloquy was conducted at the bench, but outside the hearing of the panel:

> Mr. Popham: Your Honor, I'm concerned that the two jurors who expressed the view that they were insured under the pension plans with this same insurance company, although it appears to be not the same insurance company, I fear that they would be prejudiced against finding against that company and if it can be handled that they be advised that it is not the same insurance company, I think it should be done.
>
> Would you be agreeable to that, Mr. McCann?
>
> Mr. McCann: I would not be agreeable to it, Your Honor. I gave the name of the company before as the Phoenix Insurance Company and it was brought out in voir dire through no intent of anybody's part, there has been no prejudice shown by any of the questions or answers from the jurors.
>
> Also several of the jurors have voluntarily brought up insurance matters. I don't see how anyone could be prejudiced at this point.

---

1. Emphasis supplied.

Mr. Popham: It's a matter of interest and, of course, I was cut off and I'm not objecting to further inquiry.

The Court: Yes.

I think I can handle it either of two ways. I can excuse them myself, within my own discretion and let me examine the other two, although I'm inclined to agree with Mr. McCann that they showed no prejudice and it was the wrong—*I'm convinced, like you, it was the wrong insurance company.*[2]

Mr. Popham: Yes. It's a matter of interest. If they think it's the same insurance company, obviously they would have some reservation about increasing their own premiums or finding against it. I'm concerned about it and I would request that they be dismissed, Your Honor.

Mr. McCann: I would oppose it, Your Honor.

There has been no showing of prejudice. There is no relation between it at all and there has been a fair and impartial impaneling of this jury by both sides.

The Court: This is a little different than the usual question. I'm trying to figure out the fairest thing to do, having in mind I do have some discretion.

Mr. Popham: None of us want to pursue it to the point of error and—

Mr. McCann: I'm willing to object on the record if the Court exercises discretion against my objection, Your honor, because I think there has to be some foundation or ground—and as Your Honor has already indicated there is none.

The Court: Well, I suspect that's the answer. You're challenging it for cause, the two jurors?

Mr. Popham: Yes.

The Court: The two jurors who stated they had policies with the Phoenix Mutual Insurance stand and I will deny the challenge.

The order for new trial rested on four separate grounds asserted in the motion of the plaintiffs Butler, among them, that the trial court had committed prejudicial error in denying the request of counsel for plaintiff that Phoenix Insurance Company be identified to the jury panel as the insurance company interested in the outcome of the litigation. We determine that the grant of new trial on that ground was properly ruled.

The appellant argues that a trial court may not set aside a verdict by the grant of a new trial unless the error which prompts the court was prejudicial to the losing party [Smith v. St. Louis Public Service Co., 277 S.W.2d 498 (Mo.1955)], and that since at the voir dire the court expressly found that the answers of veniremen Conte and Teevan evinced no prejudice, the new trial order was not justified. Whatever otherwise may be the merit of this contention, the prejudicial error which we have found the court properly corrected was the denial for clarification of the identity of the insurance carrier in interest.

The right to trial by jury in the constitutional sense means, at minimum, the right to trial by a fair and impartial jury. Moore v. Middlewest Freightways, Inc., 266 S.W.2d 578, 586 [8–12] (Mo.1954). Accessory to this basic principle is the right of a litigant to probe the interest of a venireman in the outcome of the cause, including any connection he may have with the insurance carrier which bears the onus for the discharge of any judgment taken against the defendant. Bunch v. Crader, 369 S.W.2d 768, 770 [1] (Mo.App.1963). A denial of this right is prejudicial to the party entitled to its exercise. Quite evidently, such an inquiry cannot be made effectively unless the insurance company in interest is authentically identified. Thus,

2. Emphasis supplied.

it was inherently prejudicial for the court to have refused to clarify to the panel at the voir dire, and particularly to veniremen Conte and Teevan, that the subject of the inquiry was the Phoenix Insurance Company, not the Phoenix Mutual Insurance Company, an error corrected by the grant of new trial.

■ The vice of the refusal for clarification was to inject a confusion and false tendency into the voir dire process. The veniremen Conte and Teevan expressed their beliefs that they were beneficiaries of a group policy with Phoenix Mutual Insurance Company. Normally, when a venireman is disclosed as a policyholder of the insurer in interest, the plaintiff has a right to inquire whether, in view of that fact, the venireman could try the case fairly. Morris v. Duker, 414 S.W.2d 77, 81 [5] (Mo.1967).[3] In this case, the court quite properly refused to allow further questioning concerning an insurer totally extraneous to the litigation. In the absence of clarification to the jury panel, however, the impression that Phoenix Mutual Insurance Company had an interest in the case was allowed to linger, and whether veniremen Conte and Teevan could try the case fairly albeit their belief of interest may have been misguided, cannot be known. A juror may be biased by what he deems to be his personal interest, whether that interest is real or imaginary; it is the state of mind which is the subject of the voir dire inquiry. Vessels v. Kansas City Light & Power Co., 219 S.W. 80, 85 [1–3] (Mo.banc 1920).

■■ On this appeal from a judgment on grant of new trial, the burden of showing that no prejudice had in fact resulted to the plaintiffs rests upon the appellant. Middleton v. Kansas City Public Service Co., 348 Mo. 107, 152 S.W.2d 154, 158 [1–4] (1941). The appellants would contend that the post-trial affidavits of Conte and Teevan that they were not affected in

their verdict by the possibility that Phoenix Mutual Insurance Company may have had an interest in the case or because they were insured in that company—in the absence of countervailing evidence—conclusively proves that plaintiffs were not prejudiced by the voir dire irregularity. The trial court was by no means bound by the contents of the affidavits, however, and could, and upon consideration of them did, give them no heed. Woodworth v. Kansas City Public Service Co., 274 S.W. 2d 264, 271 [4–7] (Mo.1955).

The appellant is in no position to disparage the order for new trial, since the order which the court undertakes to correct was of his own making. After counsel for plaintiff, Mr. Popham, had identified the Phoenix Insurance Company to the panel for the purpose of determining interest, an unidentified juror asked whether that was the Phoenix Mutual, to which counsel replied that he did not know, but would make inquiry. At that point, in the presence of the jury, the defendant himself spoke out: "I'm sure it is, Mr. Popham." The confusion which the new trial order corrects results from this contretemps. For thereafter, counsel for plaintiff proceeded on the assumption that the true identity of the insurer was Phoenix Mutual, as declared by defendant himself, and undertook to question further accordingly, but was precluded by the trial court who was reassured by counsel for defendant that Phoenix Insurance Company, as originally disclosed, was actually the insurer in interest. The denial by the trial court of the later request of counsel for plaintiff for clarification of the identity of the insurer actually in interest is the error which the new trial corrects, and it is an error which stems directly from the intermeddling of the defendant.

■ The appellant next contends that Kendall v. Prudential Insurance Company, 327 S.W.2d 174 (Mo.banc 1959) precludes

3. [We need not decide whether, under this rule, a beneficiary of an employment group policy, presumably by certificate, stands in the position of a policyholder.]

a party who has not exhausted his peremptory challenges from complaining of the denial of a challenge for cause. The decision in *Kendall*, while citing authority to the effect that this rule of waiver obtains in most jurisdictions, specifically declined to rule the issue on basis of failure to use available peremptory challenges [l. c. 178], we are bound, rather, by the principal of Theobald v. St. Louis Transit Co., 191 Mo. 395, 90 S.W. 354 (1905) [l. c. 361]: "If error appears in the ruling of the court on a challenge for cause, that question should be decided wholly independent of any consideration of whether the party litigant had or had not exhausted his peremptory challenges . . . [Any other] ruling imposes a burden upon the party aggrieved which he ought not to be compelled to bear, and reverses the theory of our system of jurisprudence that error is prejudicial, unless the party in whose favor the error is committed shows that it was harmless error."

The judgment is affirmed.

All concur.