**Allen Lee LARGE, Respondent and Cross-Appellant,**

v.

**Gary L. CARR, Appellant and Cross-Respondent.**

**Nos. 47012, 47049.**

Missouri Court of Appeals,
Eastern District,
Northern Division.

March 20, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 27, 1984.

Application to Transfer Denied
June 19, 1984.

Marion F. Wasinger, Hannibal, for appellant and cross-respondent.

Branson L. Wood, III, William B. Spaun, Hannibal, for respondent and cross-appellant.

CRIST, Judge.

Defendant appeals from the trial court's grant of a new trial in an action where plaintiff sought to recover for injuries he sustained in avoiding a highway collision with defendant. We affirm the trial court's order granting a new trial.

On August 21, 1980, plaintiff was riding his motorcycle in a southerly direction. The day was clear and the roads were dry. Plaintiff estimated his speed at 50 to 60 miles per hour when he entered a right turning curve in the highway. Defendant, driving a pick-up truck northbound, entered the other end of the curve at between 30 and 55 miles per hour.

What next occurred was sharply contested at trial. Plaintiff claimed he was in his proper lane until he discovered defendant approaching wholly on the wrong side of the two lane highway. Defendant stated he was in the correct lane when he discovered plaintiff approaching in the middle of the road. Plaintiff testified he swerved to the left to avoid defendant's truck. Defendant said plaintiff was looking down at the road as the two vehicles approached; when plaintiff looked up and realized he was in the center of the road faced with an on-coming pick-up truck, he lost control of the motorcycle and crossed in front of de-fendant. Although no collision took place, plaintiff sustained injuries when the motorcycle left the east side of the roadway.

The jury found the issues presented in favor of defendant motorist and against plaintiff motorcyclist. The contributory negligence instruction offered by defendant and given by the trial court required a finding for defendant if the jury believed plaintiff: (1) drove at an excessive speed, or (2) failed to keep a careful lookout, or (3) drove on the wrong side of the road, or (4) drove at a speed making it impossible to stop his motorcycle within the range of his visibility, or (5) failed to stop, swerve or slacken his speed. The trial court, in ruling on plaintiff's post-trial motion, found insufficient evidence for submitting all five situations to the jury and awarded plaintiff a new trial.

When a trial court is allowed to exercise its discretion in granting a new trial, the order will be sustained on appeal unless an abuse of that discretion is clearly shown. *In re Marriage of Hill*, 650 S.W.2d 726 (Mo.App.1983). Instructional error may provide a basis for the trial court to grant a new trial. *Clevinger v. Walters*, 419 S.W.2d 102, 105 (Mo.banc 1967). *Cf. Medical West Bldg. Corp. v. E.L. Zoernig & Co.*, 440 S.W.2d 744 (Mo. 1969). When a new trial is granted by a trial court, appellate courts are more liberal in upholding that action than when a motion for new trial is denied. *Cook v. Cox*, 478 S.W.2d 678, 682 (Mo.1972).

Defendant's appeal urges the liberality given a trial court's grant of a new trial should not be accorded plaintiff because he failed to make a submissible case due to his own negligence contributing to his loss. See *Nance v. Kimbrow*, 476 S.W.2d 560 (Mo.1972). In determining whether plaintiff was contributorily negligent, we consider all plaintiff's evidence as true as well as all reasonable inferences therefrom. If, based on such evidence, reasonable minds could differ as to whether plaintiff exercised the highest degree of care in operating his motorcycle, the issue

of contributory negligence is a matter of the jury. *Davenport v. Wabash R.R. Co.,* 435 S.W.2d 641, 646 (Mo. banc 1968). Based on the evidence above favorable to plaintiff, we conclude his own negligence is a question for the jury as well as the negligence, if any, of defendant.

 The trial court properly granted a new trial for submitting defendant's contributory negligence instruction, a modification of MAI 17.04. The following is the portion of defendant's instruction warranting reversal:

Plaintiff knew or by the use of the highest degree of care could have known that there was a reasonable likelihood of an accident in time thereafter to have stopped, swerved or slackened his speed, but plaintiff failed to do so, and . . . .

MAI 17.04 is a verdict director to submit "failure to act after danger of collision apparent." Defendant chose to substitute "accident" in place of "collision" as contained in the pattern instruction.

Both parties agree MAI does not contain an applicable instruction for negligence involved in near-miss situations resulting in injury. Therefore, Rule 70.02(e) governs: the modified instruction must be "simple, brief, impartial, free from argument, and shall not submit to the jury or require findings of detailed evidentiary facts." See also *Brittain v. Clark,* 462 S.W.2d 153, 155 (Mo.App.1970).

The confusion inherent in the instruction submitted involves the use of the word "accident" rather than "collision." To the jury, the term "accident" could refer either to the near collision of the motorcycle and pick-up truck or to the injuries sustained when the motorcycle left the roadway. The instruction does not adequately direct the jury's deliberation to the acts defendant claims amounted to contributory negligence. On retrial, plaintiff may be found negligent for failing to take evasive action in a timely manner after observing defendant approach or plaintiff may be barred from recovery if the actions he took in evading defendant were unreasonable under the circumstances. Whatever the case,

the instruction must adequately hypothesize the situation defendant claims is plaintiff's negligence.

Defendant's third point claims sufficient evidence was presented to justify all five charges of contributory negligence submitted. We need not rule on this point because we do not know what evidence will be presented on retrial. Nevertheless, the trial court did not abuse its discretion in the present case in ruling the evidence insufficient on at least one of the grounds submitted.

 Plaintiff's attempt to cross-appeal from the grant of his motion for a new trial is dismissed because plaintiff is not an aggrieved party to a final judgment. *See Mrad v. Missouri Edison Co.,* 649 S.W.2d 936, 941–42 (Mo.App.1983). Plaintiff has received all relief requested. We therefore need not rule on the points raised therein.

The order granting a new trial is affirmed.

DOWD, C.J., and REINHARD and PUDLOWSKI, JJ., concur.