Geraldine **HARGAN**, et al., **Appellants**,

v.

**SEARS, ROEBUCK AND COMPANY and Otis Elevator Company, Respondents.**

**No. 56702.**

Missouri Court of Appeals, Eastern District, Division One.

Feb. 27, 1990.

Ray B. Marglous, James E. Lownsdale, Clayton, for appellants.

Kurt S. Odenwald, St. Louis, for Sears.

George F. Kosta, St. Louis, for Otis.

CRIST, Judge.

This personal injury action arose out of plaintiff Geraldine Hargan's fall on an escalator. She claims her fall was caused by an optical illusion which resulted from defendants' failure to have working footlights on an escalator. Plaintiffs appeal the exclusion of their "human factors" expert's testimony and the subsequent directed verdict in favor of defendants Sears, Roebuck and Company and Otis Elevator Company. We affirm.

On December 1, 1984, plaintiff Geraldine Hargan fell and seriously fractured her knee on an escalator at the Sears store in Crestwood Plaza. She testified that while shopping, she boarded the escalator running from the first floor to the ground floor. Geraldine had ridden it several times before. She had a purse on her shoulder and was carrying a five-gallon aquarium. She noticed nothing out of the ordinary as she grasped the handrail. When Geraldine looked down, she placed her right foot on the moving step. Suddenly, her right foot went out from under her and she fell. She ended up riding down the escalator in a sitting position with her left leg under her body.

Geraldine testified she did not know what happened and why she fell. Although she wore bifocals, she plainly saw the top moving step. She was not surprised when she initially made contact with it. In addition, other witnesses were offered to testify that the footlights were not working. No eyewitnesses testified as to what happened.

Plaintiffs offered the testimony of Dr. Gomez, a mechanical engineer. He was questioned out of the hearing of the jury. Dr. Gomez was to testify that the lack of footlighting caused plaintiff to experience an optical illusion. The optical illusion caused her to misjudge where the step was, thereby causing her to fall.

The trial court did not allow Dr. Gomez to testify because: (1) Dr. Gomez was not qualified to testify about optical illusions; (2) Dr. Gomez' opinion was inconsistent with plaintiff's testimony; (3) "accident reconstruction expert" testimony is inadmissible; and (4) the opinion was based on gross speculation. Defendants' motions for a directed verdict were then granted.

We must sustain the trial judge's decision if a directed verdict was properly granted. *Zahorsky v. Griffin, Dysart, Taylor, Penner and Lay, P.C.*, 690 S.W.2d 144, 155 [21] (Mo.App.1985). Plaintiffs claim Dr. Gomez was qualified as a human factors expert and his testimony would

have aided the jury. Their argument misses the point.

 The record is devoid of facts supporting the doctor's opinion plaintiff experienced an optical illusion. Dr. Gomez never spoke with Geraldine. He took no measurements or moving pictures of the escalator. His opinion presumes Geraldine experienced an optical illusion because she testified she plainly saw the step. Dr. Gomez admitted he had no way of knowing within a reasonable degree of certainty what Geraldine saw. His testimony the escalator step was not where Geraldine testified she plainly saw it is not supported by facts contained in the record. *Holtgrave v. Hoffman,* 716 S.W.2d 332, 335[6] (Mo.App. 1986); *Garrett v. Joseph Schlitz Brewing Co.,* 631 S.W.2d 652, 655 (Mo.App.1982). Dr. Gomez attempted to establish the fact Geraldine experienced an optical illusion. *Garrett,* 631 S.W.2d at 655. His opinion was properly excluded because it was speculative. *Wiley v. Pittsburg and Midway Coal Mining Co.,* 729 S.W.2d 228, 232–33 [8, 9] (Mo.App.1987). *See United States v. Wilson,* 798 F.2d 509, 517 (1st Cir.1986).

Plaintiffs' reliance on *Gilpin v. Gerbes Supermarket, Inc.,* 446 S.W.2d 615 (Mo. banc 1969) is misplaced. In *Gilpin,* the plaintiff testified she saw no curb as she stepped down when in fact a curb was there and she tripped over it. Two additional witnesses testified they experienced a similar visual deception. No expert was called to testify.

In the case at bar, Geraldine testified she plainly saw the step. Unlike *Gilpin,* Geraldine's foot came into contact with what she said she saw at the point she thought she saw it. Her testimony provided no factual predicate for an optical illusion theory.

Plaintiff failed to introduce evidence which supports her theory that a lack of operating footlights caused her fall. Plaintiff's fall could be attributable to any number of reasons. There was insufficient evidence to prove a causal connection between the fall and any act of negligence by defendants. *Zafft v. Eli Lilly & Co.,* 676 S.W.2d 241, 244 [6] (Mo. banc 1984). Therefore, the directed verdict for defendants was proper.

Judgment affirmed.

GARY M. GAERTNER, P.J., and REINHARD, J., concur.