**Willie WHITE, Jr., Appellant,**

v.

**Steven L. ANDERSON, Respondent.**

**No. WD 44069.**

Missouri Court of Appeals,
Western District.

Sept. 24, 1991.

Larry D. Coleman, Kansas City, for appellant.

Bradley M. McTavish, Kansas City, for respondent.

Before FENNER, P.J, LOWENSTEIN, C.J., and ULRICH, J.

FENNER, Presiding Justice.

Appellant, Willie White, Jr. appeals from a judgment entered after trial by jury. The cause arose out of a collision between appellant's automobile and that of respondent, Steven Anderson. Under the judgment, appellant was found to have suffered personal injury in the amount of $1,300.00 and property damage in the amount of $8,100.00 on his claim against respondent. Respondent was awarded $2,400.00 on his counter-claim against appellant. Appellant was found to be 90% at fault and respondent 10% for the damages awarded. Appellant appeals the judgment against him as well as his judgment against respondent.[1]

■ As his sole point on appeal, appellant argues that the trial court erred by allowing respondent to exercise peremptory challenges to exclude members of appel-

---

1. The jury further found against appellant's wife, Lillian White, on her claim against respon-dent. Lillian White does not appeal.

lant's race from the petit jury in the trial of this cause.

The record in the case at bar reflects that appellant, a black man, objected to the respondent's use of peremptory challenges to exclude two black women from the petit jury and further to exclude a black male as an alternate juror. The respondent, a white man, did not provide a reason for his challenges to the black individuals. The jurors who remained after challenges were all caucasian and the alternate was hispanic. The trial court denied appellant's objection to the use of peremptory challenges to exclude the black individuals on the grounds that *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986) was not applicable in a civil case.

■ The recent United States Supreme Court case of *Edmonson v. Leesville Concrete Company, Inc.,* 500 U.S. ——, 111 S.Ct. 2077, 114 L.Ed.2d 660 (1991) is determinative. The United States Supreme court held in *Edmonson* that a private litigant in a civil case may not use peremptory challenges to exclude jurors on account of race. *Id.* 500 U.S. at ——, 111 S.Ct. at 2088–89, 114 L.Ed.2d at 680.

Since the record before us adequately reflects a prima facie case of racial discrimination, the judgment of the trial court is reversed and this cause is remanded with directions that the trial court conduct a hearing to determine if race neutral reasons can be shown for the exclusion of the black individuals pursuant to respondent's peremptory challenges. See *Id.* at 500 U.S. at ——, 111 S.Ct. at 2088–89, 114 L.Ed.2d at 680. In the event race neutral reasons are not found, appellant is to be granted a new trial. See *State v. Harding,* 734 S.W.2d 871, 877 (Mo.App.1987).

All concur.