Regina **HEISLER** and Dennis Heisler, **Plaintiffs–Appellants,**

v.

**JETCO SERVICE, Defendant–Respondent.**

No. 60644.

Missouri Court of Appeals, Eastern District, Division Three.

Jan. 26, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 8, 1993.

Application to Transfer Denied April 20, 1993.

Rex Carr, Michael Marker, St. Louis, for plaintiffs-appellants.

Russell F. Watters, T. Michael Ward, St. Louis, for defendant-respondent.

CHARLES B. BLACKMAR, Senior Judge.

Plaintiffs appeal from a judgment for the defendant on a jury verdict in a personal injury action, raising questions of trial error. We conclude that the trial court inappropriately limited the plaintiffs' closing argument, in response to the defendant's argument, and reverse and remand for a new trial.[1]

Regina Heisler was severely burned when her air conditioner compressor vented while being examined by a repairman, spewing its ignited flammable contents. The repairman, Blenchfield, had been recommended to the Heislers by their homeowners insurer, State Farm Mutual Insurance Company. The recommendation was sought as a second opinion because a repairman, Berry, dispatched by the defendant to examine the Heisler air conditioner ten days earlier, had advised Mrs. Heisler that the unit was not repairable and would have to be replaced. The air conditioner was manufactured by Snyder General Corporation and the compressor by Tecumseh Products Company. The plaintiffs alleged that the defendant was negligent because Berry mispositioned the compressor, failed to warn the plaintiffs and subsequent repairmen that the electrical terminal could fail so as to cause the compressor to vent, and failed to place a protective cover over the terminals. The plaintiffs did not include the court's instructions in the legal file, and so we do not know the theory on which the case was submitted to the jury. However, no point is made as to instructional error or as to the sufficiency of the evidence to support the verdict. Dennis Heisler, Regina's husband, sues for loss of services.

In the point which we deem dispositive, the plaintiffs allege error in preventing their counsel from responding to the defendant's "empty chairs" argument. At the beginning of the defendant's final argument, counsel arranged four empty chairs in front of the jury. Those chairs purported to represent Blenchfield, State Farm, Snyder and Tecumseh. During the argument, counsel repeatedly asked where those parties were and why the defendant was the only party against whom relief was sought. As a matter of fact, Blenchfield, Snyder, and Tecumseh had been named as parties to the suit. The plaintiffs had settled with Blenchfield, and Snyder and Tecumseh had been dismissed on motion asserting the bar of the statute of limitations. The plaintiffs did not object to this argument and make no claim of error on account of the defendant's having made the argument. Complaint is made because the plaintiffs' counsel sought to respond to the argument and was prevented from informing the jury that the court records showed that three of the "occupants" of the empty chairs had been named as defendants in the lawsuit. The extensive colloquy reads as follows:

"MR. CARR: (Plaintiffs' counsel) The laws of this land allow anybody who is

---

1. This case comes to the writer on reassignment. The opinion makes substantial use of the language of a previous draft prepared by Judge Smith.

blamed for an accident that if he believes somebody else is responsible for that accident they can bring that person in, that company in.

MR. WATTERS: (Defense counsel) Wait a minute, your honor. I thoroughly object to that.

MR. CARR: And—

THE COURT: Objection overruled, he may argue—

MR. CARR: And when you talk about four empty chairs that you could fill—

MR. WATTERS: Your Honor, I object to that. These defendants were in this case. They were dismissed out.

THE COURT: Just a minute. You want to step side-bar? Be glad to do it.

MR. WATTERS: Yes, Your Honor.

(The following proceedings took place at the bench outside the hearing of the jury:)

MR. WATTERS: Your Honor, he's not allowed to argue that we have to third party in anybody.

THE COURT: I didn't hear that argument.

MR. WATTERS: I think that's what he just said. He indicated that we have—

MR. CARR: He has indicated—

MR. WATTERS: Let me finish, Rex.

—we have a right to third party them in.

THE COURT: I must have missed that. I would sustain the objection to that. I'm sorry.

MR. WATTERS: And second of all, Judge, he knows darn well he's misleading this jury. He settled with one of these defendants and there's no way anybody can sue that defendant. If he wants me to get up and start yelling about him settling, what's happened to those other defendants, I'm going to have to do it.

THE COURT: I sustain the objection to third partying in defendants. I didn't hear the argument that way. I would sustain that objection.

MR. CARR: They made them third party defendants. Jetco filed a cross-claim against these people.

THE COURT: Gentlemen, we're not going to get into all those other aspects of the case as to what they did. This is a direct result of the argument that had earlier been made about the other people.

MR. CARR: That's right.

THE COURT: There was no objection to that.

MR. CARR: I know that, Your Honor, 'cause I have the right to answer that argument.

THE COURT: Well, at this time he's now objecting to some other aspects of that. I'll sustain an objection with regard to the ability to third party people in. I'll sustain the objection.

MR. CARR: *I'll advise the jury that we sued these three people.*

*THE COURT: I'll sustain the objection if that is argued and objected to.*

MR. CARR: Your Honor, I submit that for him to open the door, where are these four people, he posed the question, where are these four people. I have the right to answer that question.

THE COURT: You have the right to object to that which was not done. Now, if he objects to an improper argument on your part I'm in a position where I have to sustain the objection. I regard it as an improper argument.

MR. CARR: I respectfully submit that if counsel has made an argument opening the door up to this kind of argument he himself invites a response to that statement.

THE COURT: He does do that but if there's an objection made with regard to certain aspects of it I have to sustain the objection.

MR. CARR: I submit, Your Honor,—

THE COURT: And that's what I'm going to have to do.

MR. CARR: All right, Your Honor.

THE COURT: If there had been objection to the earlier argument about the so-called three empty chairs we would have other considerations at that time. I didn't have to rule on that because no objection was made.

MR. CARR: Well—

THE COURT: Objection is now being made with regard to aspects of what the

other people are and who can sue them and I under the circumstances have to sustain the objection.

MR. CARR: I submit in due respect that—

THE COURT: You may direct certain comments with regard to certain people but you can't put the burden on him to sue the other people, you see?

MR. CARR: But he put the burden on me to do it and I don't have to do it.

THE COURT: I'm going to sustain the objection, Rex.

MR. CARR: I submit that I'm being prejudiced by not being allowed to answer his argument and for the record I'll make that statement.

THE COURT: I don't quarrel with your point to the extent that it is in rebuttal to what he said but I think I have to follow the law as I understand it. Since an objection has been made I have to sustain the objection and I note for the record that there was no objection previously made with regard to the so-called four empty chairs and where were they. I heard no objection to that and I did not interfere.

MR. CARR: Thank you."

Plaintiffs' counsel does not assert that the defendant may be criticized for failure to "third party" other potential defendants. It is argued, rather, that the jury could properly be advised that the court files showed that the plaintiffs initially sued three of the entities the defendant named. We agree with the contention. The defendant is perfectly entitled to argue that the sole fault is with others. The plaintiffs do not dispute this. But the defendant strongly imputed fault to the plaintiffs for the omissions, using such phrases as "Where is that man? Where is his company? Why isn't he sitting where Gene Berry is sitting?" Counsel strongly intimated that the plaintiffs were picking on his client and showing favor to others who might be charged with fault. The plaintiffs were entitled to inform the jury about what the court files showed, to the end that the jury not be misled.

The defendant suggests that the plaintiffs' claim of error is precluded by their failure to object to the portion of defense counsel's argument to which response is sought to be made. The trial court also seems to have been of the opinion that this was the appropriate course of action. We find no waiver in the omission of an objection. The jury heard the defense argument, which had a tendency to mislead. Plaintiffs' counsel might well believe that potential damage had been done, and that the preferred course of action was to set the record straight. When a door is opened it is not always necessary to ask the court to slam it. Opposing counsel, rather, may elect to walk through it.

It is argued that plaintiffs' counsel did not sufficiently advise the trial court that he was trying to argue something in addition to the suggestion that third party proceedings were available to the defendant, which the trial court deemed improper, in trying to explain the absence of additional defendants. We believe that the italicized portions of the colloquy quoted above demonstrate that the trial judge was made aware of the dimensions of the desired argument, and clearly indicated that he would sustain an objection to it. The judge seemed firm in his conclusion and indicated rather clearly that he did not desire further argument. Counsel would have courted a stern reprimand by pressing the point.

The defendant suggests that the trial court has broad discretion in rulings on the extent of oral argument. We agree. Here, however, the trial judge did not purport to exercise discretion. He indicated sympathy with the plaintiffs' efforts but felt that he was legally bound to rule as he did. He thought that the plaintiffs' proper remedy was to object to the defendant's empty chair argument, and we have concluded that this was not required.

The right of retaliation to misleading argument is well recognized. See *Ballinger v. Gascosage Elec. Co-op,* 788 S.W.2d 506, 512–13 (Mo. banc 1990), *Pfiffner v. Kroger Grocer & Baking Co.,* 140 S.W.2d 79, 84–86 (Mo.App., St.L.D.1940). The plaintiffs should have been allowed to correct the misleading intimations by pointing to the record. It is unfortunate when a verdict

must be set aside because of trial error, but we cannot say that the error was not prejudicial. So there must be a new trial.

■ We consider the plaintiffs' other assignment of error because it may come up again on retrial. The plaintiffs sought to have an air conditioning repairman testify as an expert that a cap designed to prevent venting was on, but not securely fastened. He reached his conclusion by comparing the terminal ends with photographs of the interior of the cap taken three years after the accident. The photographs purported to show marks on the interior of the cap which matched exactly the terminal ends and which would purportedly have occurred when the terminal ends struck the cap during the explosion. At the time of the trial these marks were no longer present on the cap. The trial court pointed to the absence of any testimony from a metallurgist or other qualified scientist that the marks were caused by metal from the terminal ends. Without such testimony the court found the evidence to be "highly speculative, unscientific, unconvincing and just unbelievable at the present time based on the testimony of these witnesses and what I have simply observed myself with regard to this. I believe that it would require a higher degree of scientific proof than you're offering and I believe that the proof that you're offering is in no way scientific nor should it be acceptable by the Court or should it be given to the jury."

■ The facts upon which an expert's opinion is based must meet legal requirements of substantiality and probative force, and must have a substantial base in facts established. *Craddock v. Greenberg Mercantile*, 297 S.W.2d 541, 548 (Mo.1957). Whether an expert's testimony is based upon and supported by sufficient facts in evidence is a question of law for the court. *Holtgrave v. Hoffman*, 716 S.W.2d 332, 335 (Mo.App., E.D.1986). The trial court is vested with broad discretion in determining the admissibility of expert testimony and the court's ruling will not be set aside absent an abuse of that discretion. *Mathews v. Chrysler Realty Corp.*, 627 S.W.2d 314, 318 (Mo.App., W.D.1982).

On the present state of the record, we conclude that no error has been shown.

The expert tendered here was not qualified to testify scientifically as to when the markings appearing in the photographs appeared on the cap and what they were. The photographs were taken three years after the accident and the markings were no longer apparent at the time of trial. The trial court, in the exercise of its discretion, concluded that more scientific evidence was necessary as to the nature of the markings and when they occurred. This is the kind of decision a trial judge is called upon to make, in determining the admissibility of expert testimony. The plaintiffs of course may try to provide more adequate foundation if the case is retried.

The judgment is reversed and the case is remanded for new trial.

GARY M. GAERTNER, P.J., concurs.

SMITH, J., dissents in separate dissenting opinion.

SMITH, Judge, dissenting.

I respectfully dissent.

Plaintiffs complain, and the majority agrees, that the trial court prevented plaintiffs from answering the "empty chairs" argument. I am unable to so conclude. The court very specifically stated that it was precluding the plaintiffs from arguing that defendant had the obligation to bring other defendants into the case as third parties. That was the recurring theme of the trial court's explanation of its ruling. Its initial ruling was to overrule the objection and allow the retaliatory argument. It was only when the court had called to its attention and realized that the plaintiffs' argument was suggesting that defendant bore the burden of joining the "empty chair" defendants that it sustained the objection. I find no abuse of discretion with that ruling. It is not the burden of the defendant to join other defendants and it was proper for the trial court to prevent such an argument.

At one point in the colloquy plaintiffs' counsel stated that he would advise the jury that we sued these other people and the court's reply was "I'll sustain the objection if that is argued and objected to." I

am unable to conclude that brief statement in the middle of the long colloquy can be interpreted as a refusal to allow plaintiffs to explain the reasons for the absence of the "empty chair" defendants from the case. As was evident from the court's initial ruling and subsequent change of position, the court was willing to alter its position when counsel addressed with precision counsel's contention. Plaintiffs have set forth in their brief a long list of information which they desired to tell the jury in answer to the "empty chair" argument. But none of that information was conveyed to the trial court nor did plaintiffs in fact attempt to argue such information. The issue before the court was whether plaintiffs could argue that it was defendant's obligation to bring in the "empty chair" defendants and the trial court properly ruled plaintiffs could not. Its ruling was restricted to that issue. While I am in agreement that plaintiffs were entitled to retaliate to the "empty chairs" argument, I am unable to find that the trial court precluded the plaintiffs from making a *proper* argument in response to the defendant's "empty chairs" argument.

I would affirm the judgment.