**Robert SAVANT and Lois Savant,**
**Plaintiffs/Appellants,**

v.

**LINCOLN ENGINEERING,**
**Defendant/Respondent.**

No. 66269.

Missouri Court of Appeals,
Eastern District,
Division Three.

April 11, 1995.

Motion for Rehearing and/or Transfer to
Supreme Court Denied May 31, 1995.

Joseph L. Walsh, III, Gray & Ritter, P.C., St. Louis, for appellants.

Michael R. Noakes, Robyn G. Fox, Moser and Marsalek, P.C., St. Louis, for respondent.

CRANDALL, Judge.

Plaintiffs, Robert Savant and Lois Savant, appeal from the judgment of the trial court, entered pursuant to a jury verdict, in favor of defendant, Lincoln Engineering. We affirm.

The evidence, viewed in the light most favorable to the verdict, established that on April 3, 1989, plaintiff,[1] was employed by St. Louis Freightliner (Freightliner) as a journeyman mechanic, repairing over-the-road tractor trailers. He was assisting another mechanic in the installation of a transmission. They were using a hydraulic jack to raise and support the transmission. The jack was lowered by turning a control valve handle. Plaintiff was lying parallel to the side of the truck on a "creeper," helping to guide the transmission into its housing. The other mechanic was lying on a "creeper" with his feet positioned on the transmission in order to slide it into place with his feet. As the other mechanic was pushing the transmission with his feet, the jack holding the transmission collapsed and fell onto plaintiff's arm.

Plaintiff brought the present action on a product liability theory against defendant, Lincoln Engineering, for the injuries he sustained as a result of the incident. He claimed that the jack was defectively designed because any contact with the control valve handle, albeit inadvertent, caused the jack to collapse. After a trial, the jury returned a verdict in favor of defendant and against plaintiff; the trial court entered judgment accordingly.

In his first point, plaintiff claims the trial court erred in admitting testimony about the absence of reported accidents involving the hydraulic jack. Defendant's manager of engineering and Freightliner's service manager both testified that they were not aware of any other incident where the jack fell in the manner described by plaintiff. Plaintiff ar-

---

**1.** We refer to plaintiff in the singular form, because the claim of Lois Savant, his wife, is for loss of consortium and is therefore derivative of his.

gues that there was insufficient foundation for the admission of this evidence and that such evidence was not relevant.

Evidence of the absence of other accidents has been held relevant and admissible in a product liability case. *Moll v. General Automatic Transfer Co.*, 873 S.W.2d 900, 904–905 (Mo.App.E.D.1994). For such evidence to be admissible, however, it must be shown that no accidents occurred when the product was used under conditions substantially similar to those faced by plaintiff and that an adequate number of those situations occurred to make the absence of accidents meaningful. *McJunkins v. Windham Power Lifts, Inc.*, 767 S.W.2d 95, 100 (Mo.App.1989). Whether such a foundation is adequately established is primarily within the discretion of the trial court. *Id.*

Here, defendant's manager of engineering testified that he was employed by defendant since 1984, that company policy required accidents to be reported to him, that the hydraulic jack was used to lift transmissions in repair shops throughout the country, and that no incidents involving the transmission falling in the manner described by plaintiff were reported to him. Freightliner's service manager also testified that Freightliner purchased the jack in 1984, that mechanics were to report problems with the equipment to him, that Freightliner's mechanics used the jack daily to lift transmissions, and that no other mechanic reported experiencing problems similar to that described by plaintiff when using the jack. This evidence established a sufficient foundation for the admission of the absence of other accidents involving the hydraulic jack.

In addition, evidence of the absence of prior or subsequent accidents with the jack was relevant to show (1) the absence of a defect or condition, (2) the lack of a causal relationship between the injury and the defect or condition charged, (3) the nonexistence of an unduly dangerous condition, or (4) the lack of knowledge of or grounds to realize the danger. *See Nash v. Stanley Magic Door, Inc.*, 863 S.W.2d 677, 680 (Mo.

App.E.D.1993). The trial court did not abuse its discretion in admitting this type of evidence, because it was relevant to issues in the case. Plaintiff's first point is denied.

In his second point, plaintiff contends the trial court erred in refusing to strike a certain venireperson for cause and in prohibiting questioning about her potential bias. During voir dire, with the court's permission, plaintiff's counsel asked the venire panel the following question, "[W]hether you or any member of your family or close friends are employed by an insurance company by the name of Fireman's Fund?" [2] The challenged venireperson responded in the affirmative and stated her daughter was employed by the named insurance company. The court prohibited plaintiff's counsel from further questioning the venireperson about her potential bias.

Plaintiff does not assert that any statutory challenge to the venireperson existed. The trial court is vested with broad discretion in ruling on nonstatutory challenges and its decision is not overturned unless there is a clear abuse of that discretion; and any doubts are resolved in favor of the trial court's decision. *Collins v. West Plains Memorial Hosp.*, 735 S.W.2d 404, 405 (Mo.App. 1987).

Here, the relationship of the challenged venireperson to the insurance company was not direct. She was not an employee of the insurance company. *Compare Murphy v. Cole*, 88 S.W.2d 1023 (Mo.1935) (venireman, who was local agent of defendant's liability carrier, was properly stricken for cause). She had no direct financial interest in the outcome of the case. *Compare Edmonds v. Modern Woodmen of America*, 102 S.W. 601 (Mo.App.1907) (trial court properly excluded members of fraternal organization whose assessments could be effected by the result). All business or personal relationships with a party do not warrant disqualification to serve on a jury. *See Golden v. Chipman*, 536 S.W.2d 761 (Mo.App.1976) (trial court properly refused to dismiss for cause venireman whose son was employed as a law

---

2. Fireman's Fund was the company which insured another defendant who was granted direct-

ed verdict after plaintiff's evidence and who is not a party to this appeal.

clerk by defendant's counsel). The challenged venireperson's relationship to the insurance company was too tenuous to require her disqualification.

 We next address the trial court's limiting voir dire examination of the venireperson on the issue of her bias. The nature and extent of voir dire is primarily a matter of trial court discretion and will not be disturbed on appeal absent an abuse of discretion. *Anderson v. Burlington Northern R.R. Co.*, 700 S.W.2d 469, 473 (Mo.App.1985). In the instant action, the trial court's express instructions were that counsel seek and receive the court's permission to ask follow up questions to the insurance question. Although plaintiff's counsel attempted to question the venireperson immediately following her response to the insurance question, the court stopped the inquiry. Counsel did not request that the court permit further questioning of the venireperson. Under these circumstances, the court did not abuse its discretion in limiting the voir dire examination of the challenged venireperson. Plaintiff's second point is denied.

In his final point, plaintiff asserts error in the trial court's allowing defendant to exercise peremptory challenges to exclude two black males from the jury, because defendant did not provide sufficiently race-neutral reasons for excluding them. *See e.g., White v. Anderson*, 816 S.W.2d 18 (Mo.App.1991). We have reviewed the record and find the court's decision supported by substantial evidence. No error of law appears. An opinion would have no precedential value. Plaintiff's third point is denied. Rule 84.16(b).

The judgment of the trial court is affirmed.

CRANE, P.J., and DOWD, Jr., concur.